ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Application Under the Equal Access to Justice Act of -- | ) ) ) |
| CKY, INC. | ) ASBCA No. 60451-EAJA ) |
| Under Contract No. W912P8-11-D-0007 | ) |

APPEARANCES FOR THE APPELLANT:    Daniel J. Foster, Esq.
Islam M. Ahmad, Esq.
  Wilke Fleury LLP
  Sacramento, CA

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
  Engineer Chief Trial Attorney
William G. Meiners, Esq.
Stephan C. Roth, Esq.
J. Emmanuel I. Santa Teresa, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineer District, New Orleans

ORDER OF DISMISSAL

CKY, Inc. (CKY or appellant) submitted an Application for Award of Attorney's Fees and Other Fees & Expenses under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504, as amended, having partially prevailed on the underlying appeal. On February 15, 2023, the Board granted appellant's application but reduced the requested recovery amount to that allowed by EAJA. The government appealed the Board's EAJA award to the United States Court of Appeals for the Federal Circuit (Federal Circuit). Appellant did not appear before the Federal Circuit. On February 18, 2025, the Federal Circuit remanded the EAJA appeal back to the Board to continue proceedings in accordance with the Court's December 26, 2024, judgment.

On February 19, 2025, the Board directed the parties to submit a report to the Board within 30 days recommending further proceedings for the Board to follow to comply with the Court's remand. The government submitted its report on March 18, 2025. Appellant did not submit a report. On April 7, 2025, the Board ordered appellant to submit the required report on further proceedings by April 21, 2025. Again, appellant failed to respond. On May 6, 2025, the Board ordered appellant to show cause within 21 days from the date of the Order as to why the Board should not dismiss appellant's EAJA application for failure to prosecute. The Board informed CKY that if it failed to respond by May 27, 2025, the Board would conclude appellant's failure to respond indicated an intention to withdraw its EAJA application

and dismiss the application with prejudice for failure to prosecute with no further notice to the parties.[*]  To date, appellant has failed to respond to that Order.

Appellant has repeatedly failed to respond to the Board's Orders concerning its EAJA application.  Accordingly, appellant's EAJA application is dismissed with prejudice under Board Rule 17 for failure to prosecute.

Dated:  June 20, 2025

ARTHUR M. TAYLOR
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order of Dismissal of the Armed Services Board of Contract Appeals in ASBCA No. 60451-EAJA, Appeal of CKY, INC., rendered in conformance with the Board's Charter.

Dated:  June 20, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

---

[*] The Board intended to send the Show Cause Order to both appellant's counsel of record and directly to appellant to ensure appellant's receipt, but we were unable to send the Order directly to appellant since the Board has no address on record for appellant.  Since appellant's counsel has not withdrawn its representation, we find notice to counsel sufficient.